Joette LORION, d/b/a Center for Nuclear Responsibility, Petitioner,

v.

UNITED STATES NUCLEAR REGULATORY COMMISSION and United States of America, Respondents,

Florida Power & Light Company, Intervenor.

No. 82–1132.

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 18, 1982.

Decided July 26, 1983.

Martin H. Hodder, Miami, Fla., for petitioner.

Richard P. Levi, Atty., U.S. Nuclear Regulatory Com'n, Washington, D.C., with whom Leonard Bickwit, Jr., Gen. Counsel, E. Leo Slaggie, Acting Sol., U.S. Nuclear Regulatory Com'n, Peter R. Steenland, Jr., and Martin Green, Attys., Dept. of Justice, Washington, D.C., were on the brief, for respondents. James A. Fitzgerald, Atty., U.S. Nuclear Regulatory Com'n, and Dirk D. Snel, Atty., Dept. of Justice, Washington, D.C., also entered appearances for respondents.

Harold F. Reis and Steven P. Frantz, Washington, D.C., were on the brief, for intervenor. Norman A. Coll, Miami, Fla., also entered an appearance for intervenor.

Before MIKVA, Circuit Judge, MacKINNON, Senior Circuit Judge, and SWYGERT,* Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit.

Opinion for the Court filed by Circuit Judge MIKVA.

MIKVA, Circuit Judge:

This case requires us to measure this court's authority to review directly an agency's refusal to institute regulatory proceedings. Joette Lorion, the petitioner, seeks review of a final decision of the Nuclear Regulatory Commission (NRC or Commission) denying her request that the Commission institute licensing review of Turkey Point Plant Unit Number 4 (Turkey Point), a nuclear reactor located near Miami, Florida. The jurisdictional bases of the petition for review are asserted to be 28 U.S.C. § 2342(4) (1976) and 42 U.S.C. § 2239(b) (1976) which together give this court authority to review directly those final orders of the NRC entered after formal agency proceedings. Because the Commission's decision in this case did not result from such a formal proceeding, however, we must dismiss this case for lack of subject matter jurisdiction.

## BACKGROUND

In September 1981, the petitioner wrote the Commission to express her concern that the continued operation of the Turkey Point reactor near her home threatened her safety and the safety of her neighbors. Specifically, the petitioner's letter called attention to the possible leakage of Turkey Point's steam generator tubes and questioned the integrity of the reactor's steel pressure vessel. To address these concerns, the petitioner requested in her letter that the Commission (1) temporarily shut down the reactor for a steam generator inspection and (2) initiate a license review to consider the suspension of Turkey Point's operating license until such time as its operator, Florida Power and Light Company (FP & L), submitted proof of the reactor's safety.

The Commission treated the petitioner's letter as a specific enforcement request under section 2.206 of its rules of practice, 10 C.F.R. § 2.206 (1982), and referred the request to the NRC's Director of Nuclear Reactor Regulation. Section 2.206 provides a means by which any member of the public may request the Director of Regulation to take enforcement action against a NRC licensee. Seven weeks later, however, the Director notified the petitioner that he was denying her request. Among the reasons given were that an inspection of Turkey Point's steam generator tubes had taken place since petitioner had sent her letter (thereby mooting that aspect of her request) and that the ongoing monitoring of the reactor's steam generator tubes and an upcoming study of the reactor's pressure

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

vessel integrity were sufficient to protect the public's health and safety.

After unsuccessfully urging the Commission to review the Director's decision, the petitioner filed for review in this court. She asks that we set aside the Director's decision as arbitrary and capricious agency action that, in addition, was reached without affording her the benefit of a public hearing; alternatively, the petitioner contends that her letter was merely "advisory" and was not intended as a section 2.206 request. Moreover, the petitioner asserts in her brief that the Commission has failed to prepare an adequate environmental impact statement, as required by the National Environmental Policy Act of 1969 (NEPA), 42 U.S.C. §§ 4321–4361 (1976 & Supp. IV 1980), for repairs made to Turkey Point's steam generators.

### DISCUSSION

■ At the outset, it is important to note that our review is limited to the Commission's denial of the petitioner's request under section 2.206 of the NRC's rules of practice. Accordingly, none of the petitioner's NEPA arguments are properly before us. These arguments were not raised by the petitioner in her letter of September 1981 and therefore played no role whatsoever in the agency action that the petitioner asks us to review. *See* Letter from Joette Lorion to the NRC (Sept. 11, 1981), Joint Appendix (JA) 1–2. This court long has recognized that our normal procedures allow only those contentions subjected to agency scrutiny during the administrative process to be entertained on judicial review. *See D.C. Transit System, Inc. v. Washington Area Transit Commission,* 466 F.2d 394, 413–14 (D.C.Cir.), *cert. denied,* 409 U.S. 1086, 93 S.Ct. 688, 34 L.Ed.2d 673 (1972). We also reject the petitioner's contention that her letter should not have been treated as a section 2.206 request because she had not formally labelled or addressed her letter as a "section 2.206 request" and had intended it to be merely "advisory." In promulgating its rules of practice, the Commission clearly expressed its intent to treat "any"

request for the modification, suspension, or revocation of a license as a section 2.206 request, *see* 39 Fed.Reg. 12,353 (1974), and the court may rely upon this contemporaneous explanation of the scope of the agency's rules, *see Environmental Defense Fund, Inc. v. EPA,* 636 F.2d 1267, 1280 (D.C.Cir. 1980). Indeed, it would be a disservice to members of the interested public for the NRC to reject out of hand enforcement requests simply because they were not appropriately labelled and addressed. Thus, properly framed, the petition for review asks us to consider the Commission's treatment of the petitioner's September 1981 letter under 10 C.F.R. § 2.206.

■ Although the parties have not raised the issue, we nevertheless must determine our jurisdiction to review NRC denials of section 2.206 requests. It is axiomatic that federal courts of appeals are courts of limited jurisdiction "empowered to hear only those cases ... entrusted to them by a jurisdictional grant by the Congress." 13 C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3522, at 44 (1975 ed.). Our jurisdiction to review administrative decisions of the NRC is straightforward. Under 28 U.S.C. § 2342(4) (1976), courts of appeals have authority to review "all final orders of the Atomic Energy Commission [now the NRC] made reviewable by section 2239 of title 42." Section 2239 of title 42 provides, in subsection (b), for judicial review in the courts of appeals of "[a]ny final order entered in any proceeding of the kind specified in subsection (a)." 42 U.S.C. § 2239(b). Section 2239 designates, in subsection (a), those formal NRC "proceedings" in which a person may, upon request, demand a hearing. These proceedings include "any proceeding ... for the granting, suspending, revoking, or amending of any license or construction permit ...." 42 U.S.C. § 2239(a). Thus, we may review the Commission's final order in this case, denying petitioner's request under 10 C.F.R. § 2.206, only if the order was entered in the kind of "proceeding" specified in 42 U.S.C. § 2239(a).

A. *The Nature of the Section 2.206 Process*

■ To appraise properly the relationship of section 2.206 requests to NRC "proceedings," it is helpful to describe briefly the regulatory framework into which section 2.206 fits. Under section 2.202 of the NRC's rules of practice, the Commission's various staff directors may "institute a proceeding to modify, suspend, or revoke a license ... by serving on the licensee an order to show cause...." 10 C.F.R. § 2.202(a) (1982). A show cause proceeding under section 2.202 constitutes a formal "proceeding" under 42 U.S.C. § 2239(a) and, upon timely demand, the Commission must grant the licensee a hearing. *See* 10 C.F.R. § 2.202(b)–(c). In 1974, the Commission adopted section 2.206 specifically to provide a mechanism for members of the public to request the Director of Regulation to institute a section 2.202 proceeding:

> Any person may file a request for the Director of Regulation to institute a proceeding pursuant to § 2.202 to modify, suspend, or revoke a license or for such other action as may be proper.... The requests shall specify the action requested and set forth the facts that constitute the basis for the request.

10 C.F.R. § 2.206(a) (1982); *see* 39 Fed.Reg. 12,353 (1974).

Although the Commission has interpreted section 2.206 to require issuance of a show cause order when "substantial health or safety issues have been raised," *Consolidated Edison Co.,* 2 N.R.C. 173, 176 (1975), the Commission has never required that this determination be made pursuant to a hearing, *see, e.g., Northern Indiana Public Service Co.* (Bailly Generating Station, Nuclear–1), 7 N.R.C. 429, 432–33 (1978). Instead, the Director of Regulation has considerable discretion to make whatever unilateral inquiries he or she deems necessary. Provided that this discretion is not abused, the Director "is free to rely on a variety of sources of information, including staff analysis of generic issues, documents issued by other agencies, and the comments of the licensee on the factual allegations." *Id.*

The language of section 2.206 merely requires that

> Within a reasonable time after a request pursuant to paragraph (a) of this section has been received, the Director of Regulation shall either institute the requested proceeding ... or shall advise the person who made the request that no proceeding will be instituted in whole or in part ... and the reasons therefor.

10 C.F.R. § 2.206(b) (1982). In short, a section 2.206 request triggers a preliminary investigation by the NRC's staff to determine whether or not a formal proceeding should be instituted.

In light of the language and function of section 2.206, both this court and the Seventh Circuit have affirmed the Commission's refusal to hold hearings on section 2.206 requests; the Commission's processing of such requests repeatedly has been held *not* to constitute a "proceeding" under 42 U.S.C. § 2239(a). In *Illinois v. Nuclear Regulatory Commission,* 591 F.2d 12 (7th Cir.1979), for example, the court held that hearings on section 2.206 requests were properly denied because the requests did not involve "agency action which, according to that agency's governing statute, must be preceded by a hearing." *Id.* at 14. Similarly, in *Porter County Chapter of the Izaak Walton League v. Nuclear Regulatory Commission (Porter County),* 606 F.2d 1363 (D.C.Cir.1979), this court held that the procedural accoutrements of a statutory "proceeding" were inapplicable to section 2.206 requests because "[t]he agency is not bound to launch full-blown proceedings simply because a violation of the statute is claimed. It may properly undertake preliminary inquiries in order to determine whether the claim is substantial enough under the statute to warrant full proceedings." *Id.* at 1369 & n. 16 (noting that the result is "congruent with that ... in *Illinois v. NRC*"). Relying on both of these decisions, the Commission maintains in the present case that the petitioner was not entitled to a hearing on her section 2.206 request. As the Commission succinctly puts it: "A request for an enforcement proceeding is just

that—a request. Unless and until granted, it is not a 'proceeding' where the requester has any right to present evidence." Government Brief at 24–25.

## B. *Caselaw Regarding Subject Matter Jurisdiction*

Neither the *Porter County* nor *Illinois v. NRC* court discussed the issue of subject matter jurisdiction. Yet, given this court's holding in *Porter County* that section 2.206 requests do not entail "proceedings" under 42 U.S.C. § 2239(a), it would logically follow that we must dismiss petitions to review such requests for lack of jurisdiction: 42 U.S.C. § 2239(b) expressly limits our reviewing authority to final orders entered pursuant to the kind of "proceedings" specified in 42 U.S.C. § 2239(a). The logic of the jurisdictional statute, however, has been conveniently distorted in a separate line of authority.

In *Natural Resources Defense Council, Inc. v. Nuclear Regulatory Commission (NRDC v. NRC),* 606 F.2d 1261 (D.C.Cir. 1979), this court held that it had exclusive jurisdiction to review a NRC decision denying a request by the Natural Resources Defense Council (NRDC) for the Commission to license certain tanks constructed for the storage of high-level radioactive waste. The Commission had denied the NRDC's request because the NRC's licensing jurisdiction extends only to storage tanks authorized for long-term storage, *see* 42 U.S.C. § 5842(4) (1976), and the tanks in question were intended only for short-term storage, *see* 606 F.2d at 1264. Stating that "a licensing jurisdiction determination is a necessary first step in any proceeding for the granting of a license," this court found that the NRC's decision "was 'entered in a proceeding' for 'the granting ... of any license'" under 42 U.S.C. § 2239(a) and thus within the reviewing jurisdiction of this court under 42 U.S.C. § 2239(b).

Our decision in *NRDC v. NRC* was scrutinized recently by the Seventh Circuit in *Rockford League of Women Voters v. Nuclear Regulatory Commission (Rockford),* 679 F.2d 1218 (7th Cir.1982). At issue in *Rockford* was the Commission's denial of a section 2.206 request that the Commission institute proceedings to revoke the construction permit of a partially completed reactor because of allegedly unresolved safety issues. Although Judge Posner, writing for the *Rockford* court, upheld the Commission's decision, he correctly noted the jurisdictional implications of *Porter County* and *Illinois v. NRC:* "At least on a literal reading of section 2239(b), the Director's action in denying the petitioner's request to initiate a revocation proceeding was not an order, final or otherwise, in a section 2239 proceeding; it was a refusal to initiate such a proceeding...." *Id.* at 1220. Moreover, Judge Posner added:

A ruling that the courts of appeals lack jurisdiction to review the Director's refusal to initiate a revocation proceeding would not leave the petitioner remediless. The League could still bring suit in district court under 28 U.S.C. § 1331, the general federal-question jurisdiction statute, see *Izaak Walton League of America v. Schlesinger,* 337 F.Supp. 287, 291–92 (D.D.C.1971); *Gage v. Commonwealth Edison Co.,* 356 F.Supp. 80, 84 (N.D.Ill. 1972); *Gage v. AEC, supra,* 479 F.2d [1214] at 1222, and perhaps under other statutes, such as 28 U.S.C. § 1337 (acts regulating commerce), as well. The district court is arguably the more appropriate venue for a proceeding to review informal agency action, of which agency inaction is a conspicuous example. In deciding not to initiate a proceeding to revoke the Byron construction permit, the Director of Nuclear Reactor Regulation naturally did not compile the kind of formal record that is the usual predicate for reviewing agency action in the courts of appeals. To decide whether he abused his discretion it might be necessary to reconstruct the informal record on which he based his decision. The district courts are better suited to perform that task than the courts of appeals. See *Susquehanna Valley Alliance v. Three Mile Island Nuclear Reactor,* 619 F.2d 231, 241 (3d Cir.1980).

*Id.* at 1220–21. Despite these misgivings, the *Rockford* court concluded "primarily on the authority of [*NRDC v. NRC*]" that district courts were precluded from asserting jurisdiction to review the NRC's section 2.206 decisions because of the exclusive jurisdiction over licensing "proceedings" lodged in the courts of appeals. *Id.* at 1221. Although Judge Posner noted that the holding in *NRDC v. NRC* "admittedly does some violence to the language of 42 U.S.C. § 2239(b)," and suggested that he might be "somewhat inclined as an original matter to come out the other way," he interpreted "proceeding" in section 2239(b) to encompass the informal section 2.206 process in order to avoid creating a conflict between the circuits and because he felt that an extra level of district court review would be simply "too much." 679 F.2d at 1221.

Shortly after *Rockford* was decided, this court again addressed its jurisdiction to review the NRC's section 2.206 decisions in *Seacoast Anti-Pollution League of New Hampshire v. Nuclear Regulatory Commission (Seacoast)*, 690 F.2d 1025 (D.C.Cir. 1982). At issue in *Seacoast* was a section 2.206 request that the Commission institute a proceeding to revoke the construction permits for a non-operational reactor because the permits did not include an adequate evacuation plan. In sustaining the Commission's denial of this request, we acknowledged that this court has jurisdiction "only if the Commission's final order was entered in a proceeding for the revoking of the construction permits." 690 F.2d at 1028. After reciting the statutory requirement, however, we referred to *NRDC v. NRC* and *Rockford* and concluded that the Commission's refusal to institute a section 2239(a) revocation proceeding was nonetheless a "necessary first step" in any revocation proceeding and hence reviewable under 42 U.S.C. § 2239(b). 690 F.2d at 1028.

C. *Resolving the Conflict Among* Porter County, NRDC v. NRC, Seacoast, *and the Jurisdictional Language in 42 U.S.C. § 2239*

■ Upon reflection, we are no longer comfortable with the strain our decisions have placed on the clear-cut language of 42 U.S.C. § 2239. By applying to section 2.206 requests the "necessary first step" rationale employed by this court in *NRDC v. NRC*, the Seventh Circuit in *Rockford* and this court in *Seacoast* have interpreted "proceeding" in section 2239(b) as encompassing the informal process commenced by the filing of a section 2.206 request. *See Rockford,* 679 F.2d at 1221. Yet, the statutory language of 42 U.S.C. § 2239(b) explicitly restricts our reviewing jurisdiction to those final orders entered in the kinds of formal "proceedings" specified in 42 U.S.C. § 2239(a). This unusual, interlocking scheme does not allow "proceeding" to mean one thing for procedural purposes and another for jurisdictional purposes. Accordingly, we cannot rely on our constructions of other statutory schemes—usually requiring interpretation of a simple, jurisdictional grant to review agency "orders"— in which Congress impliedly may have intended broader meanings to attend the same words in jurisdictional sections than in other sections. *See, e.g., Investment Company Institute v. Board of Governors of the Federal Reserve System,* 551 F.2d 1270, 1276–81 (D.C.Cir.1977) (construing the word "order" more broadly in jurisdictional section than in other, non-related sections of the Bank Holding Act of 1956); *cf. City of Rochester v. Bond,* 603 F.2d 927, 933 n. 26 (D.C.Cir.1979) (courts sometimes construe "order" for purposes of special review provisions more expansively than its definition in the Administrative Procedure Act). Nor may we read out the unusual cross-reference in 42 U.S.C. § 2239 by relying on cases generally confirming the institutional ability of this court to review informal agency action. *See, e.g., Environmental Defense Fund, Inc. v. Hardin,* 428 F.2d 1093, 1098–99 (D.C.Cir.1970). Our inferences of Congress' jurisdictional choices operate only "in those cases not plainly governed by statutory language or history." *City of Rochester v. Bond,* 603 F.2d at 935. In the present case, we are confronted with a peculiar jurisdictional statute which precludes us from interpreting "proceedings" in 42 U.S.C.

§ 2239(b) with the same latitude with which we have legitimately interpreted such terms as "orders" or "final orders" in other statutes. Here, Congress has explicitly referenced its use of the word "proceeding" in the statute's jurisdictional section to the kinds of "proceedings" specified in the statute's procedural section. Thus, we are presented with one of those unusual statutes "which define a reviewable order with such limiting circumstantiality that a number of determinative agency actions cannot possibly be squared with the requirements." L. JAFFE, JUDICIAL CONTROL OF ADMINISTRATIVE ACTION 422 (Abridged Student Ed. 1965).

Given this unusually self-contained statutory scheme, there is no room in which to import the well-founded presumption against bifurcation of judicial forums. However economical we may find exclusive court of appeals review of the NRC's section 2.206 decisions to be, it is one thing to read notions of judicial economy into statutory terms capable of assimilating them and quite another to read out Congress' jurisdictional terms in order to accommodate our own policy preferences. To paraphrase an opinion by Judge Posner issued shortly after his opinion in *Rockford,* the precise statutory provision by which Congress has granted exclusive jurisdiction to courts of appeals "is not some mindless, irksome technicality that we should try to construe our way around." *Denberg v. Railroad Retirement Board,* 696 F.2d 1193, 1196 (7th Cir. 1983). The conclusion of this court in *Porter County* that section 2.206 requests do not entail "proceedings" under 42 U.S.C. § 2239(a) for procedural purposes, 606 F.2d at 1369, and the Commission's reiteration in the present case that "[u]nless and until granted, a [request for enforcement] is not a 'proceeding' where the requester has any right to present evidence," Government Brief at 24–25, precludes this court from viewing the section 2.206 process as a "necessary" part of the NRC's formal licensing proceedings for jurisdictional purposes. *Cf. Foti v. Immigration and Naturalization Service,* 375 U.S. 217, 232, 84 S.Ct. 306, 315, 11 L.Ed.2d 281 (1965) (in light of compelling

legislative history, court of appeals jurisdiction over "final orders of deportation" included jurisdiction over administrative determination historically and consistently made as an integral part of the formal deportation hearings). There is no evidence in the sparse legislative history surrounding the passage of 42 U.S.C. § 2239 to suggest that Congress envisioned its jurisdictional grant in section 2239(b) to extend beyond orders entered in formal hearings. *Compare* 42 U.S.C. § 2239(b) (1976) (final version of § 189 of the Atomic Energy Act of 1954) *with* H.R. 8862, 83d Cong., 2d Sess. § 189 (1954), *reprinted in* I *Legislative History of the Atomic Energy Act of 1954 (Legislative History)* at 105, 167–68 (1955) (unenacted version of § 189, as introduced, providing for review in the courts of appeals of "any proceeding to enjoin, set aside, annul, or suspend any order of the Commission") *and* H.R. 9757, 83d Cong., 2d Sess. § 189 (1954) (unenacted version of § 189, as introduced, providing for review in the courts of appeals of "[a]ny final order granting, denying, suspending, revoking, modifying, or rescinding any license."). *See generally* H.R.Rep. No. 2181, 83d Cong., 2d Sess. (1954); S.Rep. No. 1699, 83d Cong., 2d Sess., *reprinted in* [1954] U.S.Code Cong. & Admin.News 3456; 100 Cong.Rec. 10685–86 (1954).

▮▮▮ Thus, in light of the specific jurisdictional grant given to us by Congress in 42 U.S.C. § 2239(b), we can no longer reconcile the "necessary first step" rationale of *Natural Resources Defense Council, Inc. v. Nuclear Regulatory Commission,* 606 F.2d 1261 (D.C.Cir.1979) and *Seacoast Anti-Pollution League of New Hampshire v. Nuclear Regulatory Commission,* 690 F.2d 1025 (D.C.Cir.1982) with our holding in *Porter County Chapter of the Izaak Walton League v. Nuclear Regulatory Commission,* 606 F.2d 1363 (D.C.Cir.1979) and the Commission's steadfast insistence that the section 2.206 process does not entail a "proceeding" within the meaning of 42 U.S.C. § 2239(a). Accordingly, we hold that this court is without subject matter jurisdiction to review directly the Commission's section

2.206 decisions under 42 U.S.C. § 2239(b).** To avoid misunderstanding, however, we emphasize that we are not holding today that the NRC's denials of section 2.206 requests are unreviewable. A requester allegedly injured by the NRC's refusal to institute licensing proceedings is presumptively entitled to judicial review for agency action asserted to be arbitrary, capricious, an abuse of discretion, or not in accordance with law. In the absence of any applicable statute prescribing review in a particular court—which is the case here regarding the NRC's denials of section 2.206 requests—"nonstatutory" review may be sought in district court under any applicable jurisdictional grant, *see City of Rochester v. Bond,* 603 F.2d at 931. As Judge Posner indicated in *Rockford,* district court review of the NRC's section 2.206 decisions could be predicated on the general federal question jurisdictional statute, 28 U.S.C. § 1331 (Supp. V 1981) and, possibly, under the jurisdictional grant regarding acts of commerce, 28 U.S.C. § 1337 (1976), as well. This court, of course, would then be able to review the decisions of the district court under 28 U.S.C. § 1291 (1976).

It may well be that Congress will want to amend its jurisdictional grant in 42 U.S.C. § 2239(b) to allow courts of appeals to review directly the NRC's denials of section 2.206 requests. Or Congress may want to leave jurisdiction over such informal decisions in district courts. Our opinion today merely holds that the statutory limitations on our present jurisdiction in 42 U.S.C. § 2239(b) make it a decision for Congress, and not for this court, to make. The present case is therefore dismissed from this court for lack of subject matter jurisdiction and transferred to the federal Dis-

trict Court for the District of Columbia pursuant to 28 U.S.C.A. § 1631 (West 1983).

*It is so ordered.*

---

** Because this holding resolves an unavoidable conflict among these prior decisions, this part of our opinion has been separately considered and approved by the full court, and thus constitutes the law of the circuit. We wish to make clear, however, that our change of course today does not upset the *res judicata* effect of our prior decisions, on the merits, on the parties in *NRDC v. NRC, Porter County,* or *Seacoast. Cf.*

*Chicot County Drainage District v. Baxter State Bank,* 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940) (*res judicata* applied to prior decisions of lower court under jurisdictional statute subsequently declared unconstitutional); Restatement (Second) of Judgments § 12 (1982) (interests in finality can operate to give *res judicata* effect to decisions resting on incorrect subject matter jurisdiction determinations).