**CENTER FOR NUCLEAR RESPONSI-BILITY, INC., and Joette Lorion, Plaintiffs,**

**v.**

**UNITED STATES NUCLEAR REGULATORY COMMISSION, et al., Defendants.**

**Civ. A. No. 83–3570.**

United States District Court, District of Columbia.

May 4, 1984.

William S. Jordan, III, Washington, D.C., Martin Hodder, Miami, Fla., for plaintiffs.

Mark E. Chopko, Gen. Counsel, Nuc. Reg. Comm., Harold F. Reis, Washington, D.C., for defendants.

*MEMORANDUM*

JOHN GARRETT PENN, District Judge.

This matter comes before the Court on a motions of defendants Nuclear Regulatory Commission (NRC), United States of America, and Florida Power and Light Company (FP & L), to dismiss plaintiffs' complaint on the grounds that judicial review over the actions challenged in this matter lies exclusively in the courts of appeal. Fed.R.Civ.P. 12(b)(1). This Court agrees and grants defendants' motions.

On November 30, 1983 and December 8, 1983 this Court denied plaintiffs' requests

for emergency injunctive relief to block the issuance of two sets of license amendments for the Turkey Point Nuclear Power Plant Units 3 and 4. On January 4, 1984 this Court denied plaintiffs' motion for a preliminary injunction. Plaintiffs now seek declaratory and injunctive relief vacating the license amendments and requiring the NRC to hold prior public hearings as well as to prepare a supplemental Environmental Impact statement for the Turkey Point Nuclear units. Plaintiffs contend that these actions are mandated by the Atomic Energy Act of 1954, as amended, 42 U.S.C. § 2011, *et seq.*, National Environmental Policy Act of 1969 (NEPA), 42 U.S.C. § 4321, *et seq.*

## I

The facts pertinent to this case are as follows: On June 3, 1983, FP & L sought the first of two sets of license amendments for its Turkey Point reactors. This set of amendments authorized FP & L to use a new fuel design in the cores of the reactors. In July, 1983 the NRC staff made a "no significant hazards consideration" finding based on the fact that the fuel design itself was similar to fuel in use at other facilities and that there were no significant changes in the overall safety of the reactors. This set of amendments was published at 48 Fed.Reg. 33076, 33080 (July 20, 1983) and interested persons were given thirty days in which to request a hearing. No hearing request was received and these amendments were issued on December 9, 1983 on a final finding that they involved "no significant hazards consideration."

On August 19, 1983, FP & L proposed a second set of amendments. The NRC staff decided that this set of amendments also could be issued on a "no significant hazards consideration" finding because the changes sought were not significant changes under NRC rules. These amendments were published at 48 Fed.Reg. 45,-862 (October 7, 1983). On November 4,

1983, plaintiffs filed a timely request for a hearing. These amendments were issued on December 23, 1983 on a "no significant hazards consideration" finding with a prehearing on plaintiffs' request for a hearing scheduled for February 1984.

## II

■ The first issue before this Court is whether it has jurisdiction to vacate the license amendments and require the NRC to hold prior public hearings on the issuance of license amendments.

The defendants argue that the district court lacks subject matter jurisdiction to review the NRC's finding of "no significant hazards determination." The defendants rely on 28 U.S.C. § 2342(4) and § 189 of the Atomic Energy Act of 1954, 42 U.S.C. § 2239, for the proposition that the NRC's finding of "no significant hazards determination" is reviewable only in courts of appeals. This Court finds their argument persuasive.

Under 28 U.S.C. § 2342(4), the courts of appeal have jurisdiction to review "all final orders of the Atomic Energy Commission [now the Nuclear Regulatory Commission] made reviewable by § 2239 of title 42." 42 U.S.C. § 2239(a)(1) makes reviewable "any final order" in "any proceeding [for the] ... amending of any license." 42 U.S.C. § 2239(a)(2) makes reviewable a "determination by the Commission that [an] amendment involves no significant hazards consideration..." Plaintiffs' request that the NRC hold prior public hearings on the issuance of the license amendments would require the Court to determine the validity of the "no significant hazards determination" finding. Such a finding falls under 42 U.S.C. § 2239(a)(2) and, therefore, jurisdiction to review this finding lies with the Court of Appeals.*

This Court concludes that NRC's finding of "no significant hazards consideration" is within the class of final orders reviewable under 28 U.S.C. § 2342(4) and 42 U.S.C.

* As the basis for their position on jurisdiction, the plaintiffs rely on *Lorion v. Nuclear Regulatory Commission,* 712 F.2d 1472 (D.C.Cir.1983), *cert. granted,* —— U.S. ——, 104 S.Ct. 1676, 80 L.Ed.2d 152 (1984). The issue addressed in

*Lorion* was whether the preliminary investigation made by the NRC to determine if a request made under 10 C.F.R. § 2.206(a) for the commencement of a Section 2.202 show cause hearing should be granted was part of a "proceed-

§ 2239 and holds that NRC's determination is reviewable only in the Court of Appeals.

## III

█ Plaintiffs further requests this Court to require the NRC to prepare a supplemental Environmental Impact Statement for the Turkey Point Nuclear units. Plaintiffs rely on the National Environmental Policy Act of 1969, 42 U.S.C. § 4321, *et seq.*, as authority for this request.

10 C.F.R. § 51.5(d) states that "an environmental impact statement ... need not be prepared in connection with the following types of actions ... (4) issuance of a materials license or amendment to or renewal of a materials or facility license..." Since this matter involves two sets of amendments to the facility operating licenses, this Court holds that the NRC is not required to prepare a Environmental Impact Statement.

In view of the above, it follows that the motions must be granted.

An appropriate order has issued.

ing" under 42 U.S.C. § 2239(a). The *Lorion* court held it was not and therefore jurisdiction lies with the District Court.

This case presents a different situation. Here, the NRC has commenced a "proceeding" as defined by 42 U.S.C. § 2239(a)(1) to amend the facility operating licenses for the Turkey Point reactors. Jurisdiction, therefore, lies with the Court of Appeals.